STATE OF WISCONSIN ex rel. AIKEN vs. MILLS, Judge, etc.

*Judgment — Mill-dam act.*

1. A verdict for a gross sum for the perpetual right to flow land by a dam, rendered under sec. 17 of the Mill Dam Law (chap. 56, R. S.), is merely a lien upon the mill property, and can be enforced only by a separate action thereon, to be brought as provided in sec. 22.
2. The judgment and execution to which the complainant is entitled under sec. 15, are only for the amount of damages sustained during the three years next preceding the "institution of the complaint."
3. In case of a judgment for gross or annual *future* damages, *it seems* that the complainant, upon the mill-owner's failure to pay or properly secure the same, may resort to other appropriate legal or equitable remedies besides an action on the verdict; as, for example, a suit to abate the dam.
4. *It seems*, also, that the mill-owner, after such verdict rendered, may abandon the right to the future flowage of plaintiff's land, and abate the dam, in which case the complainant's right to such damages will cease.

APPLICATION for a *Mandamus*.

State ex rel. Aiken vs. Mills, Judge, etc.

In an action under the mill-dam act, to recover damages for the flowage of lands caused by defendants' dam, which was tried at the circuit court for Richland county, before the respondent as judge of the fifth circuit, the jury returned a verdict in favor of the relator for the gross sum of $800, as a just and reasonable compensation to him for all damages to be thereafter occasioned by the use of the defendants' dam, and for the right to maintain and use the same forever. The relator having elected to take that gross sum, and the defendants having failed to pay or secure it within the time allowed by statute, he moved the court to render and sign a judgment therefor, which motion was denied. He thereupon applied to this court for an alternative writ of *mandamus*, requiring the respondent to show cause why a peremptory writ should not issue to compel him to render and sign such judgment. The respondent having appeared voluntarily and filed his answer admitting the facts, the relator moved for the peremptory writ; and the defendants in the original action resisted the motion.

*M. M. Cothren*, for relator. [No brief on file.]

*Eastland & Eastland* and *P. L. Spooner*, for respondent, argued that the verdict was fatally defective in not finding past and future damages and annual compensation, separately, as required by section 15, etc., chapter 56, R. S.; and in not finding whether the respondents kept the dam up to an unreasonable height, and whether, and how much it should be lowered; nor fixing its height with reference to which the damages were assessed, nor the time during which it should be left open, citing 1 Mass., 423–430; 6 Pick., 97; that the election to take the gross sum was not in accordance with the verdict, and was therefore nugatory; and that the mill dam act does not authorize a judgment in an action under it for gross damages, but merely makes them a lien upon the mill and dam, which can be enforced by the plaintiff in case they are not paid or the dam abated by the defendant, by an action against whoever owns or occupies the mill, or he may, at his option, proceed for an abatement of the dam.

DIXON, C. J.   The respondent, judge of the fifth judicial circuit, voluntarily appears and files his answer, in which he admits the facts to be as stated in the relation, and in which he also waives the issue and service of an alternative writ of *mandamus*, and consents that the peremptory writ may issue in the first instance, in case this court shall be of opinion that a judgment should be rendered upon the verdict returned and recorded as set forth in the relation.   It also appears that the relator has, according to the practice heretofore established by this court, in this case caused due notice of this application to be given to the attorneys for the defendants in the suit in which and against whom the verdict was rendered in favor of the relator.   The relator now moves for a peremptory writ upon the facts so admitted; and those defendants, appearing by counsel, resist the motion on several grounds.   As this court is of opinion that the respondent, the judge of the court before whom the action was tried, was correct in the ground upon which he refused to render judgment on the verdict, it becomes unnecessary to consider any of the other grounds relied upon in opposition to the motion.

For the purpose of a proper understanding of this ground the only facts required to be known are, that the suit was one instituted under the Mill-Dam Act, (ch. 56, R. S.), by the relator, as owner of lands flowed, against two other persons, defendants, as owners of the dam and mills, in which suit the jury returned a verdict for the sum, in gross, of $800, as a just and reasonable compensation to the complainant (relator) for all the damages to be thereafter occasioned by the use of the dam, and for the right of maintaining and using the same forever. See sec. 17 of the act.   Within the time prescribed by the next section (18), and in the manner therein directed, the relator elected to take the sum in gross so awarded by the jury.   The defendants having failed and neglected for more than three months thereafter to pay to the relator, or to secure, to his satisfaction, the sum so due for the perpetual right to maintain the dam, with interest from the time of verdict, as prescribed by

section 19, the relator thereupon moved the court to render and sign a judgment in his favor for said sum of $800, as found by the jury ; which motion was denied, "upon the ground, and for the alleged reason, and none other, that said verdict was only a lien, and another and separate action must be brought thereon as a means and the only means of enforcing the same." An examination of the act from sections 17 to 22 inclusive, and especially of sections 21 and 22, makes it very clear to our minds that the respondent was right in the construction which he put upon it. The two last sections read as follows :

"Sec. 21. The person who shall be entitled to receive the said annual compensation or *gross damages, shall have a lien therefor*, from the time of the institution of the original complaint, on the mill and mill dam, with their appurtenances, and the land under and adjoining the same and used therewith : *provided*, that such lien shall not extend to any sum due more than three years before the commencement of an action therefor.

"Sec. 22. The party entitled to the said annual compensation or *gross damages, may maintain a civil action therefor* in the circuit court against the person who shall own or occupy the mill when the action is brought, and shall therein recover the *whole sum due and unpaid* for the three years then last past, whoever may have owned or occupied the mill during that time, *and the plaintiff shall be entitled to his full costs in such action.*"

Counsel for the relator rely on the provisions of sec. 15 ; but the judgment and execution to which the complainant is entitled under that section are obviously for the past damages, or "the amount of such damages sustained within three years next preceding the institution of the complaint," which damages the jury are required to assess. But for the *annual* damages, or the *gross* damages, all of which are damages *for the future*, it seems plain from all the provisions of the act that no judgment is to be rendered, nor intended to be, in the suit upon the verdict, but the same are to be recovered by civil action in the

manner provided by sec. 22. And the reasons for this are probably those suggested by counsel for the respondent. Under sec. 19, the owner or occupant of the mill, failing to pay or secure to the satisfaction of the complainant the gross damages ascertained and determined by the verdict, and which the complainant has elected to receive, loses all benefit of the provisions of the act; and the complainant may proceed to have the dam abated as a nuisance, or resort to any other mode of redress afforded by law for the wrongs of which he complains.

The owner or occupant of the mill or dam may find the damages so great, or his compensation or profit so small, that he will prefer to remove the dam and withdraw the water rather than pay such damages; and in that case, the dam being voluntarily removed, the right to such *future* damages would thenceforth cease, and of course no judgment for them, or requiring them absolutely to be paid, should be rendered or entered up against him on the verdict. And, as also suggested, it might happen that the mill and mill dam on which a lien is given, were incumbered by prior liens for more than they were worth, and the mill owner or occupant might be insolvent, in which case the plaintiff would prefer not to take a judgment on the verdict, but to proceed to abate the dam as the only effective and sure remedy left open to him under the circumstances; and this option it seems the legislature intended to give, by requiring the land owner to go no further than to have his damages assessed by the jury, and the verdict allowed and recorded, which thenceforth becomes a lien; and thereafter, if the damages are not paid or secured to his satisfaction, all appropriate legal and equitable remedies are free to him, and it is competent for him to make use of any which he conceives most for his benefit or advantage, including his action upon the verdict, provided he chooses to avail himself of it.

Such being in the consideration and judgment of this court, the true construction of the statute, it follows that the motion for the peremptory writ of *mandamus* must be denied; and it.

follows also that the other objections, which are to the form and sufficiency of the verdict, if proper to be considered in a proceeding of this nature at all, are not necessary to a decision of the present case. They have not been considered, and no opinion is or will be expressed with respect to them.

*By the Court.*—Motion denied