Aken vs. Parfrey and another.

AKEN VS. PARFREY and another.

MILL-DAM ACT. *Verdict in action under the act.*

In an action under the mill-dam act between these parties, the verdict was for the plaintiff, assessing his damages in the alternative, to wit: (1) The *gross* damages at $800, " which shall be in full for all claim and demand for injury done to the plaintiff's land at the present height of water, estimated at six feet and five inches;" (2) The *annual* damages at $100, " which shall be paid so long as the dam shall be used by defendants or their assigns at the present height of water, which is estimated at six feet and five inches, * * commencing from the expiration of the lease." The lease here mentioned had expired seven months *before* the trial. Plaintiff elected to take the *gross* damages, and brought this action on the verdict to recover the same. *Held,*

1. That the estimate in said verdict of the then existing *height of the water* does not vitiate it, and may be treated as surplusage.

2. That the mill-dam act does not require such a verdict in any case to determine the then existing *height of the dam.*

3. That where the complaint merely claims damages, without averring that the dam is maintained at an unreasonable height, a verdict is good which assesses the damages, past and future, annual and gross, in the manner prescribed by the statute.

4. That such a verdict must be held to be an assessment of the damages caused by the dam at its height and condition existing at the time of the trial or at the commencement of the action; and it must be presumed that in case of any subsequent controversy, the height and condition of the dam at the time so referred to will be susceptible of proof outside of the record.

5. That where the complaint alleges (as in this case) that the dam is maintained at an unreasonable height, the statute, by its terms, requires the jury to "decide how much, if any, the dam shall be lowered;" but if the verdict omits to find that the dam is maintained at an unreasonable height, or require it to be lowered, this must be construed as a finding that the height is *not* unreasonable; and the verdict is not invalid for the absence of any *express* finding on that question.

6. That when the plaintiff in such a case accepts the damages in gross awarded him for all injury to his land caused by the dam at its then existing height, he is forever *estopped* from questioning the reasonableness of such height; and for this reason, also, the defendant cannot object to the verdict because it omits to state expressly whether the height is reasonable.

7. That a party cannot be heard, on appeal, to object to any defect or irregularity which *is in his favor*.

8. That if the finding as to annual damages in the verdict here sued upon was defective in not determining separately the amount of plaintiff's *past* damages, for the period between "the expiration of the lease" and the time of trial, this would merely prevent plaintiff, in case he had elected to take the annual damages, from recovering the same for that period; and it is not a defect of which defendant can complain.

APPEAL from the Circuit Court for *Richland* County.

This was an action brought to enforce a verdict obtained in a former action between the same parties under the mill-dam act. That verdict is set forth in the opinion in the present case. The jury found specially that the defendants had not paid the sum of $800, the amount awarded by said former verdict, and that the dam used by defendants was the same in height, and in all respects produced the same damage to plaintiff's land, as found by the former jury. The court gave judgment that the defendants' dam be abated, unless within sixty days they should pay to plaintiff the sum of $800, with interest and costs of this and the former action; from which judgment defendants appealed.

*Eastland & Eastland*, for appellants, contended that the verdict on which this action is based, to be of any validity, must find all the issues in the case and settle all matters controvert-

ed. Sec. 16 of the mill-dam act provides that " if it shall be alleged in the complaint that the dam is raised to an unreasonable height, the jury shall decide how much, if any, the dam shall be lowered, and shall state such decision as a part of their verdict." The complaint in the former action alleged that the dam was raised to an unreasonable height, but the jury failed to find anything upon that point. Defendants have a right to demand that all the issues in the case be settled by the verdict, because, although a former judgment is taken to be *prima facie* conclusive as to all questions that could be determined under the pleadings, yet this presumption may be rebutted by looking into the record of the former pleadings. *Emmons v. Dowe*, 2 Wis., 356, 357. Under this verdict we find an insuperable difficulty in determining the height of water defendants have a right to maintain. Defendants contend that they have a right to keep the water up to the height it then was, though above the height estimated by the jury, while plaintiff contends that the water shall be reduced to an absolute standard of six feet and five inches. But if six feet five inches is fixed as the standard, then the verdict must also fix the place where the measurement is to be made, and fix it not by inference merely, but so as to be definite and unequivocal; and this it utterly fails to do. Again, the verdict provides a yearly compensation of $100, beginning at the expiration of a lease which had expired more than seven months before the rendition of the verdict, which by the yearly estimate gives over $50 upon which plaintiff would be entitled to judgment and execution under section 15 of the act, while the balance of the compensation for that year would rest as a lien upon the mill property, to be enforced by action; so that plaintiff would be compelled to resort to a different remedy upon different parts of the same yearly claim.

*M. M. Cothren* and *James H. Miner, contra*, to the objection that the former verdict was based upon an estimated height of water of six feet five inches, contended that plaintiff could take no advantage thereof, since in the event of his bringing another

action the allegation and proof of a greater height of water would not be sufficient to maintain his action. He would also be obliged to allege and prove that the height had been raised above what it actually was at the time the former damage was estimated, and that he was injured thereby. And this is just what the plaintiff would be required to prove to maintain his case if the height of water in feet and inches had not been mentioned in the verdict. Plaintiff declares, in the election itself, that it is an election to take the $800 for his damages, and what is stated about the six feet and five inches head can have no other meaning than to throw light upon the estimated height of water at the time the damage was estimated. In the event of defendants paying the $800, plaintiff would be estopped from claiming anything more, unless he could clearly show that the water had been actually raised upon his land by defendant's dam to a greater height than it was when the former damage was estimated.

DIXON, C. J. The whole controversy in this case is about the form and sufficiency of the verdict in the former action under the mill-dam act by this same plaintiff against these same defendants, and whether such verdict will sustain the action and judgment against the defendants in the circuit court in which this appeal originates. This is an appeal by the defendants from the judgment against them in an action brought upon and to enforce the verdict in pursuance of the construction given by this court to the act in the proceeding by *mandamus* which came up in connection with the same verdict in *State ex rel. Aken v. Mills, Judge*, etc., 29 Wis., 322.

The verdict sued upon was in these words : "We, the jury, find for the plaintiff and assess his damage at eight hundred dollars, which shall be in full of all claim and demand for injury done to the plaintiff's lands at the present height of water, estimated at six feet and five inches.

"JAMES TUTTLE,
"*Foreman Jurors.*"

" Or, we, the jury, find for the plaintiff, and assess the dam·
ages to be annually paid the plaintiff by the defendants at the
sum of one hundred dollars, which shall be paid so long as the
same shall be used by defendants or their assigns at the present
height of water, which is estimated at six feet and five inches,
unless a reassessment of damages shall be made herein, com·
mencing from the expiration of the lease.

"JAMES TUTTLE,
" *Foreman Jurors.*"

It is proper to remark that the action is for the recovery of
the $800 damages in gross, which the plaintiff elected in due
form of law to receive.

The first objections to the verdict which we will consider are,
that it did not ascertain the height of the dam but only of the
water, and that the height of the water was not precisely and
definitely fixed, but only by estimate. As a precautionary
measure and to avoid uncertainty and save doubts and contro·
versies in the future, it would unquestionably be wise, when·
ever practicable, and it may perhaps in most cases be so, to
give evidence of the precise height of the dam as measured
from some fixed monument or permanent object, and to have
the jury ascertain and determine by their verdict such height
so measured, with a description of the monument or object, its
location and other circumstances. This would undoubtedly be
a most judicious and proper proceeding, yet there is nothing in
the act which in terms or by implication requires it. Such has
sometimes been the practice, but in general only in those cases
where it has been alleged in the complaint that the dam was
raised to an unreasonable height, and the jury have so found
and that it ought to be lowered during the whole or some part
of the year. But even in cases of that kind the statute does not
require that there shall be such specific finding or any finding
and determination of the present height of the dam, but only that
the jury shall decide how much, if any, it shall be lowered, and
whether it shall be left open any part, and, if any, what part of

the year. This was expressly so ruled in *Sabine v. Johnson, ante,* p. 185. A verdict, therefore, where the complaint is in the ordinary form, that is, claiming damages merely and not that the dam is raised to an unreasonable height, must be good if it assesses the damages, past and future, annual and gross, in the manner prescribed by the statute, and says nothing about the height of the dam, unless for some ulterior reason the omission to find and name the height makes it defective and void. We know of no such reason, and are at a loss to see upon what general principle, there being no statutory requirement, the omission can be said to have that effect. The verdict in such case must be held to relate to and be an assessment of the damages caused by the dam in its then present height and condition, or its height and condition at the time the action was commenced ; and those facts, it must be presumed, are and will continue to be, in case of any subsequent change or controversy, susceptible of proof by evidence outside of the record, or by the oral testimony of witnesses. That is certain which is capable of being rendered certain, and the verdict ought not to fall for uncertainty or because of the omission to find the height of the dam. In this action on the verdict, which was tried three years after that in which the verdict was rendered, it appears that there was no difficulty in establishing the facts to the satisfaction of the jury, for they found specially " that the dam used by the defendants is the same in height and in all respects producing the same damage to the plaintiff's land as found by the jury which assessed said damages."

If the foregoing views be correct, then it is manifestly immaterial to the validity of the verdict in suit that the jury did not find the height of the dam or of the water, or that they may have referred to the same in the verdict and expressed only an approximate judgment or opinion of the height of the one or of the other. There was no necessity for them to find such height or to speak upon the subject at all, that is, no absolute legal necessity ; and if they did speak, and speak at random or with-

out precision, such speaking did not vitiate their verdict. The verdict being good with no allusion whatever to that subject, what was said in a random way respecting it may be taken as harmless or rejected as surplusage.

But in the complaint in the action in which this verdict was rendered, there was an allegation that the dam was raised to an unreasonable height. The statute (R. S., ch. 56, sec. 16; 2 Tay. Stats., 814, § 16) declares that when such allegation is made " the jury shall decide how much, if any, the dam shall be lowered," etc., and the omission to find upon and determine this issue is said to be a fatal defect. It is in general true that a verdict, to be good, must be responsive to and decisive of all the material issues in the action. But the question arising here is, whether it can be said from the verdict that the jury entirely omitted that issue or to pass upon it, if any evidence was given in support of it, or whether it must not be said from their very silence that they found that the dam was not raised to an unreasonable height. It would only have been necessary for them to say how much the dam should be lowered when they found that the height was unreasonable; but not finding the unreasonable height, it would seem to have been unnecessary for them to say anything about it. The statute only requires that they shall decide how much the dam shall be lowered; and when they do not decide that it shall be lowered at all, is it not, in legal effect, though not in express words, a finding that the height is not unreasonable? Such must, we think, be the construction of the verdict and the inference which must in law be drawn from it.

But there is still another reason why we think the defendants cannot now be permitted to take advantage of the omission (if such it was) of the jury to find that the dam was not raised to an unreasonable height. The plaintiff has accepted the damages in gross found by the jury for all injury to his land caused by the dam at its present height; and having so accepted, he is forever estopped from raising the question of

unreasonableness of the height. The defendants are, therefore, or will be when the damages are paid, as secure in their rights to maintain the dam at the same height as when the verdict was rendered, as they would have been had the jury expressly found that the dam was not raised to an unreasonable height. Hence it is that the defendants are not and cannot be injured by the omission if it exists, and so ought not to be allowed to avail themselves of it to defeat the action of the plaintiff.

Another objection taken is to that part of the verdict in which the jury fixed the annual damages to be paid by the defendants to the plaintiff, and in which the finding was that such damages should commence at the expiration of the lease, which was about seven months before the trial.

It is said that regularly the past damages should have been separately assessed, which, at the rate fixed by the jury, would have been about $58 for the preceding seven months, and for which the plaintiff would have been entitled, under § 15, to judgment and execution at once, instead of a lien upon the mill property to be enforced by future action. Grant that this was so, how can the defendants complain of it? It was an error that worked in their favor, and not against them. It amounts to this, that the plaintiff has lost a judgment against the defendants for $58 to which he was entitled, and which can now never be obtained. It is idle for the defendants to talk about this as error, for no party can assign that for error which is in his favor. 5 Wis. (new edition), notes, pp. 142, 172, 239, and authorities there cited.

*By the Court.*—Judgment affirmed.